ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
ANDREW F. NIETES (SBN 333998)
afn@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for INI, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| INI, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MMAD Games, LLC and Imagination Gaming Inc.,<br><br>    Defendants. | CASE NO. 25-cv-4685<br><br>**COMPLAINT**<br><br>**Demand For Jury Trial** |

Plaintiff INI, LLC ("INI"), by its attorneys, Mitchell Silberberg & Knupp LLP, complains and alleges against defendants MMAD Games LLC ("MMAD") and Imagination Gaming Inc. ("Imagination" and together with MMAD, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a civil action for injunctive relief, damages, and other appropriate relief arising out of Defendants' willful trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*. and California common law relating to MMAD's adoption and use of INI's incontestable NEVER HAVE I EVER® trademark for directly competing goods.

2.      Since launching in 2010, INI's NEVER HAVE I EVER® card game has become wildly popular throughout the United States and across the globe, with over a million copies sold worldwide. The game has been featured across multiple television programs including a viral feature on the show "Vanderpump Rules" and has been sold at a number of well-known retailers including Walmart, Target, and Spencer's. Over the years, it has expanded with a number of editions geared toward different audience segments. The game is known for its hallmark features to encourage conversation and laughter as an "icebreaker" or get-to-know-you activity both for adults and with the family.

3.      Aware of INI's NEVER HAVE I EVER® cachet, MMAD through its distributor Imagination has been using the mark in connection with MMAD's board game "Tipsy Land," MMAD's product, prominently in advertising and promotional materials, and in cards bearing the phrases "NEVER HAVE I EVER" and "NEVER HAVE I" with designs highly resembling INI's preexisting use of its NEVER HAVE I EVER® mark. When INI contacted MMAD in hopes of reaching a reasonable resolution to these clear violations of INI's rights, MMAD and later Imagination made various excuses and, to date, have declined to cease its willful free-riding on INI's goodwill.

4.      Defendants' willful violation of INI's rights cannot continue. Unless enjoined, Defendants' activities will continue to cause irreparable harm to INI, its customers, and the goodwill in INI's trademark and business.

**JURISDICTION AND VENUE**

5.      This Court has original jurisdiction over the subject matter of the claims arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, pursuant to 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331 and 1338.

6.      This Court has supplemental jurisdiction over the subject matter of the claims arising under California state law pursuant to 28 U.S.C. § 1367(a) because

such claims form a part of the same case or controversy as the claims under the Lanham Act.

7. This Court has personal jurisdiction over MMAD because it has transacted business with Imagination, which maintains a principal place of business in California, and the claims against MMAD arise from that transaction of business, namely Imagination's distribution of goods infringing on INI's trademark. Moreover, MMAD's acts of infringement complained of herein occurred and/or will occur in California. MMAD has also consented to jurisdiction in this Court related to other matters.

8. This Court has personal jurisdiction over Imagination because it maintains a principal place of business in California and its acts of infringement complained of herein occurred and/or will occur in California.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants is subject to personal jurisdiction in this judicial district and/or because a substantial part of the events giving rise to this action occurred in this judicial district.

## **PARTIES**

10. Plaintiff INI, LLC is a Maryland limited liability company with its principal place of business located at 73212 Brookstone Ct., Potomac, Maryland 20854. INI is a leading entertainment and consumer product company, which creates and sells various card, board, and mobile games.

11. Upon information and belief, Defendant MMAD Games, LLC is a Texas limited liability company with its principal place of business located at 777 Main St., Suite No. 2100, Fort Worth, Texas 76102, and, like INI, creates and sells board games.

12. Upon information and belief, Defendant Imagination Gaming, Inc. is a Delaware corporation with its principal place of business located at 12100 Wilshire Blvd., Ste. 1540, Los Angeles, California 90025, and, like INI, sells board games.

Mitchell Silberberg & Knupp LLP

3
COMPLAINT

## BACKGROUND

### A.     INI's NEVER HAVE I EVER® Trademarks

13. A family owned and operated business, INI is the creator of a variety of highly successful games including its card game known as NEVER HAVE I EVER® (the "Game"). INI began marketing the Game in 2010. Through fourteen years of exclusive use, promotion, media attention, and commercial success, the Game and related products by the same name, including a number of versions such as the "Family Edition," "Girls Edition," and "Parent Edition," "expansion packs" sold to accompany the Game, and a mobile version launched in 2014, have gained enormous popularity, reaching an audience of millions.

14. To play the Game, players receive "Play Cards" which each list a different witty or embarrassing scenario such as "been pushed into a pool with my clothes on" or "had my boss tell me that my work sucks". If a player has previously found themselves in the particular scenario described on the card, they "win" the card. The first player to win 10 cards wins the game. Additionally, for each round, a separate "Rules Card" is drawn explaining any specific parameters for that particular round. The Game encourages conversation and laughter as an "icebreaker" or get-to-know-you activity.

15. The original "Classic Edition" of the Game depicts the NEVER HAVE I EVER® mark within a rectangular comment bubble on a red background as shown below:

Mitchell Silberberg & Knupp LLP

The referenced Rules Cards depict the NEVER HAVE I EVER® mark in a rectangular comment bubble on a red background as shown below:

16. Over the years, the Game has grown from the original "Classic Edition" to include "expansion packs" and a number of additional editions for specific audiences including a "Family Edition" (marketed for ages 8+ only), "Girls Edition" (marketed for ages 17+ only), "Parents Edition" (marketed for ages 17+ only), "Drinking Edition" (marketed for ages 21+ only), "Pocket Edition" (marketed for ages 8+ only), and "Pregame Edition" (marketed for ages 17+ only).

17. INI owns all right, title, and interest in and to the NEVER HAVE I EVER® mark, including as used in connection with the Game.

18. INI has expended substantial resources advertising and promoting its brand, including its goods sold under its NEVER HAVE I EVER® mark. INI's efforts have been extremely successful, resulting in unsolicited media coverage including in publications like *Brit + Co*, *PureWow*, and *E! News*. The Game has been featured in many TV shows such as "Vanderpump Rules," "Keeping Up With The Kardashians," and "Real Housewives of New York."

19. INI offers the Game for sale through its official website, located at https://inillc.com/, its official Amazon.com account, and through licensed retailers in the United States that have purchased INI's products through INI's wholesale program in the United States. The Game has been sold at major retailers including Target, Walmart, Hobby Lobby, Barnes & Noble, TJ Maxx, Calendar Clun, Books-A-Million, Urban Outfitters, Michaels, Ross, and Spencer's Gifts. It has also been featured in prominent in-store displays and promotional campaigns, particularly during peak holiday seasons and it has consistently been ranked among top-selling party games for in game categories for Amazon and Walmart. The Game and its editions have collectively generated several millions of dollars in gross retail sales.

20. As a result of (a) INI's consistent and exclusive use of its NEVER HAVE I EVER® mark, (b) INI's extensive advertising of the Game and related products offered under INI's NEVER HAVE I EVER® mark, and (c) the acclaim surrounding the NEVER HAVE I EVER® mark as reflected by features in popular culture, INI has created substantial goodwill in the NEVER HAVE I EVER® mark across the United States.

21. To further protect its valuable names and brand, INI has obtained multiple federal trademark registrations for the NEVER HAVE I EVER® mark (the "Registrations") including, but not limited to:

- Registration No. 4,394,071 for board games, party games, and parlor games, based on a first use date of October 1, 2010 (priority date June 29, 2010);

- Registration No. 4,660,646 for ancillary merchandise such as beer mugs, shot glasses, beverage sleeves, t-shorts, hats, and other related products, based on a first use date of January 1, 2010 (priority date September 13, 2013); and

- Registration No. 4,764,445 for mobile game software, based on a first use date of November 4, 2014 (priority date November 11, 2014).

22. The Registrations for INI's NEVER HAVE I EVER® mark are in full force and effect, and all have become incontestable pursuant to 15 U.S.C. § 1065.

23. According to the records of the United States Patent and Trademark Office, in 2008, Imagination also attempted to federally register the mark NEVER HAVE I EVER for, among other goods, "Toys, playthings and games, namely, board games, party games and parlor games and component pieces thereof for use as a set and sold as a unit therewith for playing such games" (U.S. Application Ser. No. 77/433,930). The application was deemed abandoned on March 22, 2010 due to Imagination's failure to file a statement of use.

### B. Defendants' Willful Infringement of INI's NEVER HAVE I EVER® Mark

24. Defendants, just like INI, are in the entertainment and games business. In or around September 2024, INI became aware that in connection with a board game titled "Tipsy Land" (the "Infringing Game"), MADD had begun using the phrases "NEVER HAVE I EVER" and "NEVER HAVE I" (the "Infringing Marks") for game elements and playing cards in the Infringing Game, and prominently featuring the Infringing Marks in marketing and advertising materials promoting the Infringing Game. The Infringing Game has at least three other versions, including a "Bachelorette" edition, which similarly use the Infringing Marks.

25. The Infringing Marks copy verbatim in whole or in part INI's NEVER HAVE I EVER® mark. Worse, MMAD's designs using the Infringing Marks on the game elements and playing cards are highly similar to INI's own use of the NEVER

HAVE I EVER® mark, namely, a rectangular "comment" bubble with a red background, as shown below:




26. The Infringing Game directly copies from INI's Game. Nearly all of the cards in the "original" version of the Infringing Game (30 total) use phrases which are highly similar to the Play Cards used in INI's Game. And at least 10 of the Infringing Game's cards copy the Play Cards in INI's Game verbatim, including for example, "Pee'd my pants in public"; "Successfully smooth-talked my way out of getting a ticket or being arrested"; and "Fallen down the stair during a night out". The "Bachelorette" version of the Infringing Game copies nine cards directly.

27. Upon information and belief, the Infringing Game was or is sold through online platforms including Amazon.com and TikTok Shop, and through stores including Spencer's, Francesca's, and Urban Outfitters.

28. In selling through TikTok Shop, Defendants agreed to litigate either in the United States District Court for the Central District of California or the Superior Court of the State of California, County of Los Angeles. The relevant terms of service for TikTok Shop are available at https://seller-us.tiktok.com/university/essay?knowledge_id=1331308753078058&default_language=en&identity=1 and https://ads.tiktok.com/i18n/official/policy/commercial-terms-of-service. Upon information and belief, Spencer's, Francesca's, and Urban Outfitters also each have many stores throughout California.

29. In December 2024, counsel for INI contacted counsel for MMAD to advise it of INI's rights in the NEVER HAVE I EVER® mark and asked that MADD cease and desist its use of the NEVER HAVE I EVER® mark. MMAD did not cease its use of the NEVER HAVE I EVER® mark in response. Rather, MADD attended the New York Toy Fair held from March 1-4, 2025, where its representatives actively promoted the Infringing Game bearing the Infringing Marks, even with INI also in attendance. The New York Toy Fair is the largest toy show in the Western Hemisphere, with retail buyers from 50 states and 75 countries in attendance. As of the date of filing, the physical game elements and playing cards as well as advertising and promotional materials for the Infringing Game continue to use the Infringing Marks in the manner shown above.

30. Furthermore, websites of major retailers purporting to sell the Infringing Game, including Walmart, contain a multitude of negative reviews in which customers have issued the following complaints about the Infringing Game, among others, including comments on the cards and game pieces contained therein: "the game comes with 60 cards there only 42 sooo i'm missing 18 cards"; "The seller sold this product broken. Pieces missing it's awful."; and "Not as shown parts missing useless." Because the Infringing Marks copy INI's NEVER HAVE I EVER® mark verbatim with a confusingly similar design, the offering of sub-par

Mitchell Silberberg & Knupp LLP

9
COMPLAINT

goods in connection with the Infringing Marks damages Plaintiff's goodwill and reputation as a provider of high-quality card and board games.

31. INI filed a trademark infringement action against MMAD in the District of Maryland on February 26, 2025. *INI, LLC v. MMAD Games LLC*, 8:25-cv-00646 (D. Md.). After filing of this complaint, INI learned of Imagination's involvement as the distributor of the Infringing Game. Following MMAD's motion to dismiss for lack of personal jurisdiction filed on May 9, 2025 and before an answer was filed, INI voluntarily dismissed the action on May 23, 2025. Defendants' infringing activity has continued through filing of the instant suit.

32. Upon information and belief, since approximately May 2023, MMAD has distributed and sold the Infringing Game to third party retailers through Imagination. Upon further information and belief, Imagination exclusively decides which retailers to sell the Infringing Game to and the distribution locations for the Infringing Game.

33. All of this activity resulting from Defendants' willful efforts to free-ride on and otherwise usurp INI's brand is contributing to severe damage of INI's goodwill, and is likely mislead customers into believing that MMAD's Infringing Game, distributed by Imagination, is INI's game or is otherwise affiliated with INI, when it is not. INI is further very concerned about the Infringing Game's incorporation of elements evocative of the classic children's board game "Candy Land," which could leave the buyer with the impression that INI supports the offering of a game that encourages drinking as targeted to very young children, which INI emphatically does not.

# COUNT I

## Trademark Infringement in Violation of Section 32(1) of the Lanham Act

## (15 U.S.C. § 1114(1))

34. INI realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

35. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

36. INI exclusively owns valid, federally-registered trademark rights in the NEVER HAVE I EVER® mark.

37. Consumers readily identify goods offered under the NEVER HAVE I EVER® mark as being of the highest quality, and emanating exclusively from, and being sponsored and approved by, INI.

38. INI has been using in commerce and obtained registrations for the NEVER HAVE I EVER® mark long before any infringing use by Defendants.

39. Defendants have intentionally used in commerce the Infringing Marks, which copy verbatim in whole or in part INI's federally-registered NEVER HAVE I EVER® mark, in connection with the sale, offering, marketing, and advertising of Defendants' goods, without INI's consent or authorization.

40. Defendants' use of the Infringing Marks in commerce, including in the sale and offering of goods in connection with the Infringing Marks, is likely to cause confusion and/or mistake in the minds of the public, leading the public to believe that Defendants' goods originate from INI, or that INI has approved, sponsored, or

otherwise associated itself with Defendants or goods offered under the Infringing Marks, when it has not.

41. Defendants have infringed and continue to infringe INI's NEVER HAVE I EVER® mark with full knowledge of INI's exclusive rights in the NEVER HAVE I EVER® mark and, upon information and belief, with deliberate intention to cause mistake and confuse or deceive the general public as to the affiliation, connection, or association of Defendant, or its goods, with INI.

42. Defendants have infringed and continue to infringe INI's NEVER HAVE I EVER® mark with deliberate intent to benefit from the goodwill associated with the NEVER HAVE I EVER® mark.

43. Defendants' actions constitute an infringement of INI's rights in the NEVER HAVE I EVER® mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

44. Upon information and belief, Defendants have made and will continue to make substantial profits to which it is not entitled to in law or in equity.

45. Defendants' infringing conduct has caused and, unless restrained by this Court, will continue to cause, irreparable harm, loss, and injury to INI, for which INI has no adequate remedy at law.

## COUNT II

**Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham Act**

**(15 U.S.C. § 1125(a))**

46. INI realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

47. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides that:

> Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device,

or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which

(1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

48. By making unauthorized use, in interstate commerce, of the Infringing Marks, Defendants have used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with INI and as to the sponsorship or approval of Defendants' goods by INI, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. Defendants have used, in connection with its offering of goods, false designations of origin and false and misleading descriptions and representations, including the Infringing Marks, which tend falsely to describe the origin, sponsorship, association, or approval by INI of the goods offered by Defendants.

50. Defendants' offer of goods in connection with the Infringing Marks, which copy INI's preexisting NEVER HAVE I EVER® mark, causes confusion and mistake, deceives and misleads the purchasing public, trades upon INI's high-quality reputation, and improperly appropriates to Defendants the valuable trademark rights of INI.

51. Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendants' goods as those of INI in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Further, by virtue of capitalizing on the hard-earned goodwill of INI and its brand, Defendants' activities constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Defendants' wrongful acts will continue unless enjoined by this Court.

54. Defendants' acts have caused and will continue to cause irreparable injury to INI. INI has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT III

### Common Law Trademark Infringement and Unfair Competition

55. INI realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

56. INI owns all right, title and interest in and to the NEVER HAVE I EVER® mark as described above, including all common law rights in such mark.

57. Defendants offer goods in connection with trademarks that copy INI's common law trademark. Such unauthorized use by Defendants of INI's preexisting common law trademark constitutes trademark infringement and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the goods, and to cause purchasers mistakenly to believe that such goods are INI's own goods, or that INI endorsed, licensed, or sponsored those goods.

58. Defendants have appropriated rights in INI's common law trademark, causing confusion, mistake, and deception as to the source of its goods. Defendants "palm off" these goods as those of INI, improperly trading upon INI's goodwill and INI's valuable rights in and to INI's trademark.

Mitchell Silberberg & Knupp LLP

14
**COMPLAINT**

59. By the acts described in each of the preceding paragraphs of the Complaint, Defendants have engaged in trademark infringement and unfair competition in violation of the common law of the State of California.

60. Upon information and belief, Defendants committed the above alleged acts willfully, in bad faith, and in conscious disregard of INI's rights, and INI therefore is entitled to exemplary and punitive damages pursuant to the common law of the State of California in an amount sufficient to punish, deter, and make an example of Defendants.

61. Defendants' acts have caused, and will continue to cause, irreparable injury to INI. INI has no adequate remedy at law and is thus entitled to an injunction along with damages in an amount to be determined at trial.

## COUNT IV

### Contributory Trademark Infringement

### (Lanham Act and Common Law)

62. INI realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

63. Imagination had knowledge of, controlled, authorized, directly participated in, induced and materially contributed to the infringing conduct of MMAD by, among other things, without INI's consent or authorization, distributing the Infringing Game using the Infringing Marks.

64. MMAD had knowledge of, controlled, authorized, directly participated in, induced and materially contributed to the infringing conduct of Imagination by, among other things, without INI's consent or authorization, engaging Imagination to distribute the Infringing Game using the Infringing Marks.

65. The Infringing Marks are confusingly similar to INI's registered NEVER HAVE I EVER® mark in connection with the sale, offer for sale, distribution, advertising, and promotion of MADD's Infringing Game.

66. MMAD and later Imagination were both aware of INI's objections to their Infringing Game and had the right and ability to stop the manufacture and sale of the Infringing Game.

67. Upon information and belief, all profits received from the Infringing Game that are not held by MMAD are held by Imagination and any profits from the Infringing Game that are not held by Imagination are held by MADD.

68. The aforesaid acts constitute contributory infringement of INI's federally registered rights in the NEVER HAVE I EVER® mark, in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and California common law.

69. Defendants' aforesaid acts are causing and, unless restrained by this Court, will continue to cause, irreparable harm and injury to INI, including to INI's goodwill, reputation, and business, for which INI has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, INI respectfully demands:

A. That the Court find that Defendants engaged in direct and contributory trademark infringement, false designation of origin, and unfair competition under federal and state law;

B. That the Court issue an injunction providing that, pursuant to 15 U.S.C. § 1116(a), Defendants and their agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of or in concert with Defendants, jointly and severally, be enjoined through the world during the pendency of this action and permanently thereafter from:

(i) Using any reproduction, counterfeit, copy, or colorable imitation of INI's NEVER HAVE I EVER® mark on or to identify any goods not authorized by INI;

(ii) Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure INI's business reputation;

Mitchell Silberberg & Knupp LLP

16
COMPLAINT

(iii) Using a false description or representation including words, symbols, or artwork tending falsely to describe or represent Defendants' unauthorized goods as being those of INI or sponsored by or associated with INI and from offering such goods in commerce;

(iv) Further infringing INI's NEVER HAVE I EVER® mark by selling, marketing, offering for sale, advertising, promoting, or otherwise offering of any goods not authorized by INI in connection with any simulation, reproduction, counterfeit, copy, or colorable imitation of INI's NEVER HAVE I EVER® mark.

(v) Using any simulation, reproduction, counterfeit, copy or colorable imitation of INI's NEVER HAVE I EVER® mark in connection with the promotion, advertisement, sale, offering for sale, or offering of any unauthorized goods in such fashion as to relate or connect, or tend to relate or connect, such goods in any way to INI, or to any goods sold, offered, sponsored, or approved by, or connected with INI;

(vi) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any goods offered or sold by Defendants are in any manner associated or connected with INI, or are sold, offered, licensed, sponsored, approved, or authorized by INI;

(vii) Secreting, destroying, altering, removing, or otherwise dealing with any books or records that contain any information relating to the selling, marketing, offering for sale, advertising, or promoting of all unauthorized goods offered in connection with the Infringing Marks; and

(viii) Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or

otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vii).

C. That an order be issued, pursuant to 15 U.S.C. § 1118, directing Defendants to deliver up for preservation, storage, and/or destruction to INI or its designated agent all unauthorized products, if any exist, and all marketing, advertising, and promotional materials in its possession or under its control bearing the Infringing Marks, or any simulation, reproduction, counterfeit, copy, or colorable imitation of INI's NEVER HAVE I EVER® mark, and all articles by means of which such infringement occurred;

D. That an order be issued directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any goods sold or otherwise offered or promoted by Defendants are authorized by INI or related in any way to INI's goods;

E. That the Court issue an order requiring an accounting of all profits obtained by Defendants from their offer of goods in connection with the Infringing Marks and an order that Defendants hold all such profits in a constructive trust for the benefit of INI;

F. That the Court issue an order requiring Defendants to pay to INI: (i) all such actual damages and profits attributable to the infringements of INI's NEVER HAVE I EVER® mark by Defendants and those acting in concert with them in an amount to be proven at trial, trebled, as well as costs and attorney's fees, pursuant to 15 U.S.C. § 1117(a), or (ii) in the alternative, statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendants have counterfeited and infringed;

G. That the Court award prejudgment interest on all damages awarded by this Court;

H. That the Court award punitive damages under California common law; and

I. That the Court award such other and further relief as the Court deems just and proper.

DATED: MAY 23, 2025

ELEANOR M. LACKMAN
ANDREW F. NIETES
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor M. Lackman
Eleanor M. Lackman
Attorneys for Plaintiff
*INI, LLC*